UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:07CV-P632-H

JOHNNY RAY MOORE                                                                                   PLAINTIFF

V.

LARRY CHANDLER                                                                                    DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Defendant, Larry Chandler, has moved to dismiss Plaintiff's complaint. Chandler is the Warden of the Kentucky State Reformatory ("KSR") and has no medical training or expertise. Plaintiff alleges that medical professionals at KSR treated his dental problems by pulling his teeth and neglected other treatment possibilities. The process of the chosen treatment created more problems. Plaintiff argues that the proper treatment would be to provide dentures. The thrust of Plaintiff's complaint is that he should have received different and better treatment.

The Eighth Amendment prohibits cruel and unusual punishment dispensed in a penal or disciplinary sense. *See Blackmore v. Kalamazoo County*, 390 F.3d 890 (6th Cir. 2004); *Harmelin v. Michigan*, 501 U.S. 975, 994-96 (1991). This standard is applied to the states through the Fourteenth Amendment. *Wilson v. Seiter*, 501 U.S. 294, 296-97 (1991). The Supreme Court has held, "[i]n order to state a cognizable claim" under the Eighth Amendment concerning medical care an inmate "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97 (1976).

The standard for deliberate indifference includes subjective and objective components.

*See Napier v. Madison Co.*, 283 F.3d 739, 742 (6th Cir. 2001); *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). When considering such a claim, a court must ask both if the officials acted with a sufficiently culpable state of mind and if the alleged wrongdoing was "objectively 'harmful enough' to establish a constitutional violation." *Hudson v. McMillian*, 503 U.S. 1-2 (1992), quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991); *see also Caldwell v. Moore*, 968 F.2d 595, 602 (6th Cir. 1992).

The objective component of an Eighth Amendment deliberate indifference claim is governed by "contemporary standards of decency." *Hudson*, 503 U.S. at 8-9. The Supreme Court has interpreted this component as follows:

> "[O]nly those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson, supra*, 501 U.S. at 298, 111 S.Ct., at 2324 (quoting *Rhodes*, *supra*, 452 U.S., at 347, 101 S.Ct., at 2399) (citation omitted). A similar analysis applies to medical needs. Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are "serious." See *Estelle v. Gamble*, 429 U.S. at 103-104, 97 S.Ct. at 290-291.

*Hudson*, 503 U.S. at 9, 112 S.Ct. at 1000.

With regard to the seriousness of a medical need:

> A medical need is "serious" if it is one that has been diagnosed by a physician as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.

*Gaudreault v. Municipality of Salem, Mass.*, 923 F.2d 203, 208 (1st Cir. 1990), cert. denied 500 U.S. 956 (1991), quoting *Monmouth Co. Correctional Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3rd Cir. 1987), cert. denied 486 U.S. 1006 (1988). Thus, for a medical need to be

serious it must require immediate attention. *Caldwell*, supra.

Allegations of medical malpractice or negligent diagnosis and treatment do not state a valid claim under § 1983. *Estelle*, 429 U.S. at 106; *see also Birrell v. Brown*, 867 F.2d 956, 958 (6th Cir. 1989). Inmates are not entitled to "unqualified access to health care" under the Constitution, and deliberate indifference is governed by "contemporary standards of decency." *Hudson*, 503 U.S. 1, 8-9 (1992). Moreover, if a plaintiff has received medical attention, a court will not second-guess the judgment of the medical professionals providing such treatment. *Estelle*, 429 U.S. at 107.

Here, Plaintiff received significant attention to his medical problems. Essentially, Plaintiff argues that he should have received a different kind of treatment. However, there is no allegation that Chandler took a direct role in preventing or advocating any particular direction for Plaintiff's treatment. Based upon the allegations of the complaint, there is no basis for the conclusion that Chandler displayed a deliberate indifference to Plaintiff's medical condition or care. Chandler's liability for a constitutional violation may not be premised upon either *respondeat superior* (which seems to be the only possibility here) or upon a disagreement about medical care or upon the mistake of an individual physician. Consequently, this lawsuit states no adequate grounds for going forward against Chandler.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant's motion to dismiss is SUSTAINED and Plaintiff's complaint is DISMISSED WITH PREJUDICE.

This is a final order.

cc: Johnny Ray Moore, *Pro Se*
      Counsel of Record